Mathew K. Higbee
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 Facsimile
mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
ELLIOT MCGUKEN

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ELLIOT MCGUCKEN<br><br>Plaintiff,<br><br>v.<br><br>DISPLATE CORPORATION; and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No.: 1:19-cv-00042<br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br>**DEMAND FOR JURY TRIAL** |

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States 17 U.S.C. § 101 *et seq*.

### PARTIES

2.      Plaintiff Elliot McGucken ("Plaintiff" or "McGucken") is an

1

individual and professional photographer residing in Los Angeles, California.

3. Defendant Displate Corporation ("Defendant") is a corporation duly organized an existing under the laws of the State of Texas, with a place of business at 701 Brazos St., Austin, TX 78701.

4. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. This court has personal jurisdiction over Defendant because

Defendant's acts of infringement complained of herein occurred in the state of Texas, Defendant's acts of infringement were directed towards the state of Texas, and Defendant caused injury to Plaintiff within the state of Texas.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claims occurred and where Defendant resides and/or conducts business.

## FACTUAL ALLEGATIONS

8. Dr. Elliot McGuken is a fine art photographer, conservationist, award-winning Ph.D. physicist, entrepreneur, author, and speaker.

9. McGucken earned a B.A. in theoretical physics from Princeton University and a Ph.D. in physics from UNC Chapel Hill. His research focused heavily on the study and development of cutting edge artificial retinal prosthesis; devices that translate light patterns in to electrical currents and stimulate the eye cells of visually impaired individuals— literally helping the blind see.

10. McGucken's fine art photography parallels his award-winning scientific research, as both pursuits seek to harness the power of light in unique and inspiring ways.

11. McGuken is the creator and exclusive rights holder to a three

3

fine art photographs; a photograph of an autumn landscape in Bishop, California ("Autumn Photograph"), a photograph of a winter beach sunset at Malibu, California ("Winter Photograph"), and a photograph of a sunset behind a series of seacaves ("Seacave Photograph" collectively "The Photographs").

12. Attached hereto as Exhibit A are true and correct copies of the Photographs.

13. McGucken has registered his Photographs with the United States Copyright Office under Registration certificate VA 2-089-215.

14. Defendant is a global marketplace and a manufacture specializing in creating magnet mounted metal posters which Defendant has termed "Displates".

15. Through its website www.displate.com ("Defendant's Website"), Defendant offers for sale thousands of Displates including licensed designs from brand partners such as Marvel, DC Comics, Star Wars and Blizzard.

16. In addition to its licensed designs, Defendant allows individual artists to upload prospective designs for eventual sale through Defendant's Website.

17. According to its website, submissions undergo a rigorous

verification process prior to being offered for sale by Defendant. "After the verification phase only a few best print-quality artworks among the submissions are published. This means that a lot of created Displates are not published. . . Remember that each Displate is manually verified for quality." *See* https://displate.com/about-preparation.

18. Defendant's Website further states that "We reserve the right to reject any artwork during the validation process that is not in line with the profile of our website or doesn't meet our technical criteria." *See* https://displate.com/about-faq.

19. After submitted designs are reviews and approved by Defendant, they are offered for sale to the public with Defendant retaining the majority of the revenue for each Displate sold.

20. According to Defendant's Website, artists whose designs are approved earn a 10% commission on each Displate sold, and can earn an additional 30% commission if the sale is generated through a link shared by the artist. https://displate.com/earn-as-an-artist.

21. On or about November 30, 2018, McGucken discovered that Defendant was selling Displates on its Website featuring all three of McGucken's Photographs for $44.00 each ("Infringing Displates").

22. Attached hereto as Exhibit B is a true and correct screenshot of

the Infringing Displates being sold through Defendant's Website.

23. McGucken did not give permission for Defendant or any other person to sell or manufacture the Infringing Displates.

24. After discovering the Infringing Displates, McGucken investigated further and discovered various advertisements for Defendant's Website utilizing McGucken's Winter Photograph.

25. Attached hereto as Exhibit C are true and correct screenshots depicting Defendant's use of McGucken's Winter Photographs in various online advertisements.

26. McGucken has no record of issuing a license to Defendant or otherwise granting permission for Defendant to use the any of the Photographs either through manufacturing and selling Infringing Displates or in advertising for Defendant's Website.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

29. Plaintiff is informed and believes and thereon alleges that the

Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photographs of the Plaintiff without Plaintiff's consent by manufacturing and selling Infringing Displates on Defendant's Websites.

30. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

31. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

32. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying and displaying without a license of

consent;

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Defendant, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any image which infringes, contributory infringe, or vicariously infringes upon Plaintiff's copyrights in the Photographs as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

- For an accounting be made for all profits, income, receipts or

other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

- For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: January 14, 2019                     Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
TX Bar No. SBN 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 Facsimile
*Attorney for Plaintiff*

## DEMAND FOR BENCH TRIAL

Plaintiff Elliot McGucken hereby demands a bench trial in the above matter.

Dated: Dated: January 16, 2019                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
TX Bar No. SBN 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 Facsimile
*Attorney for Plaintiff*