# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ELLIOT MCGUCKEN, <br> *Plaintiff* <br><br> v. <br><br> DISPLATE CORPORATION AND DOES 1 THROUGH 10 INCLUSIVE, <br> *Defendants* | Case No. A-19-CV-00042-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant's Motion to Dismiss, filed on March 28, 2019 (Dkt. No. 10); Plaintiff's Response, filed on April 11, 2019 (Dkt. No. 17); and Defendant's Reply, filed on April 18, 2019 (Dkt. No. 18). On July 18, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. BACKGROUND

Plaintiff Elliott McGuckin ("Plaintiff") is a fine art photographer and the creator and exclusive rights holder to three land and seascape nature photographs ("Photographs"), which he has registered with the United States Copyright Office. Dkt. No. 1 at ¶¶ 8-13. Plaintiff alleges that on November 30, 2018, he discovered that the website www.displate.com ("Website") was selling metal posters featuring unauthorized copies of his Photographs for $44.00 each. *Id.* at ¶ 21. Plaintiff also alleges that he discovered various online advertisements for the Website that used his Photographs without his permission. The Website specializes in creating and selling magnet-

mounted metal posters known as "displates." *Id.* at ¶ 14. The Website sells displates from licensed designs from brand partners such as Marvel and Star Wars, as well as displates created by individual artists. *Id.* at 15-16. Plaintiff alleges that Displate Corporation ("Displate"), which has its principal place of business in Austin, Texas, operates the Website.

On January 16, 2019, Plaintiff filed this lawsuit against Displate and unknown defendants Does 1 through 10, alleging copyright infringement under 17 U.S.C. § 101 *et seq*. Specifically, Plaintiff alleges that Displate manufactured and sold displates using his works, and also used those works in online advertisements, without his permission. Plaintiff seeks monetary damages, attorneys' fees, and costs, as well as an injunction enjoining Defendants from any infringing use of any of Plaintiff's works.

On March 28, 2019, Displate filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has sued the wrong defendant in this case because it "does not own, operate, control, or otherwise have any involvement with the Website or any advertisements of the same." Dkt. No. 10 at p. 1. Displate contends that its parent company, GWD Concept Sp z o.o. ("GWD"), a Polish corporation with its principal place of business in Marki, Poland, is the actual owner and operator of the Website. *Id.* Displate argues that it is merely a wholly owned subsidiary of GWD based in Austin, Texas. *Id.* Displate argues that Plaintiff's copyright infringement lawsuit should be dismissed for naming the wrong defendant.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

2

(5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

A claim for copyright infringement requires that the plaintiff show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's claim for copyright infringement alleges:

> Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photographs of the Plaintiff without Plaintiff's consent by manufacturing and selling Infringing Displates on Defendant's Websites.

Displate does not dispute that Plaintiff has met the first prong. However, Displate argues that Plaintiff cannot meet the second prong because Displate is only a subsidiary of GWD and does not own the Website, and therefore cannot be responsible for the alleged copyright infringement in this case.

All participants in copyright infringement are jointly and severally liable as tortfeasors. *E.g.*, *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997), *aff'd mem.*, 168 F.3d 486 (5th Cir. 1999); *see also Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985) ("All persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers."); *Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 579 (E.D. Tex. 1993); *Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1262 (S.D. Tex. 1989)). "Where liability is joint and several, a plaintiff may sue one or more of the joint tortfeasors at its discretion." *Broad. Music, Inc. v. Armstrong*, 2013 WL 3874082, at *3 (W.D. Tex. July 24, 2013). In this case, GWD and Displate could both be liable for copyright infringement. *See RBH Energy, LLC v. BGC Partners, Inc.*, 2018 WL 318474, at *2 (N.D. Tex. Jan. 8, 2018) (rejecting defendant's claim that only one corporate entity could be liable for copyright infringement).

To the extent Displate argues that Plaintiff must prove at the motion to dismiss stage that Displate maintains control over the Website or is an alter ego of GWD, such arguments are premature. *See RBH Energy*, 2018 WL 318474, at *2 (finding that resolution of which corporate entity was solely responsible for the infringement was not appropriate at Rule 12(b)(6) stage). Based on the foregoing, the Court finds that Plaintiff has alleged sufficient facts at this stage of the case "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.

The Court further finds that Plaintiff should be permitted to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to add Displate's parent company, GWP, as a Defendant to this lawsuit.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss (Dkt. No. 10). The undersigned **FURTHER RECOMMENDS** that District Court permit Plaintiff to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to add Displate's parent company, GWP, as a Defendant to this lawsuit.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 20, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE