IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ELLIOT MCGUCKEN, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-00042 |
| DISPLATE CORPORATION; GWD CONCEPT SP Z O.O., and DOES 1 through 10 inclusive, | ) JURY TRIAL DEMANDED |
|                 Defendant. | ) |

**GWD CONCEPT SP Z.O.O.'S ANSWER TO MCGUCKEN'S
FIRST AMENDED COMPLAINT**

1.      GWD Concept Sp. z o.o. ("GWD")[1] admits that the First Amended Complaint ("FAC") purports to be an action for copyright infringement, but GWD denies that the FAC sets forth valid or meritorious claims of copyright infringement.

**PARTIES**

2.      GWD is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the FAC, and therefore denies the same.

3.      Admitted that GWD is a Polish entity with a place of business in Warsaw, Poland.

4.      Admitted.

5.      Admitted.

6.      Paragraph 6 of the FAC does not require an admission or denial.

7.      GWD is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the FAC, and therefore denies the same.

---

[1] The admissions and denials made by GWD herein are made in respect to GWD alone. Defendant Displate Corp. filed an Answer on October 7, 2019, to Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

8. GWD admits that McGucken's FAC purports to be an action for copyright infringement, but GWD denies that McGucken's FAC sets forth valid or meritorious claims of copyright infringement.

9. For purposes of this action only, GWD admits that the court has personal jurisdiction but denies the remaining allegations in Paragraph 9.

10. For purposes of this action only, GWD admits that venue in this judicial district is proper but denies the remaining allegations set forth in Paragraph 10.

## FACTUAL ALLEGATIONS

### *Dr. Elliot McGucken Is A Fine Art Photographer*

11. GWD is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the FAC, and therefore denies the same.

12. GWD is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the FAC, and therefore denies the same.

13. GWD is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the FAC, and therefore denies the same.

14. GWD is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the FAC, and therefore denies the same.

15. GWD admits that Exhibit A contains three photographs but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 15 of the FAC, and therefore denies the same.

16. GWD admits that Copyright Registration VA 2-089-215 identified McGucken as the copyright claimant but is without knowledge or information sufficient to form a belief as to the

remaining allegations contained in paragraph 16 of the FAC, and therefore denies the same.

### *Defendants Have Contacts With The United States and Texas*

17. GWD admits that it operates a global marketplace and manufacture through the website www.displate.com specializing in creating magnet mounted metal posters known as "displates," but denies that Defendant Displate has any involvement in operating that website.

18. GWD admits that the website screenshot included in Exhibit B to the FAC includes a quote similar to that provided by McGucken, that states "mainly in USA, Australia, Canada, United Kingdom and Germany," but denies that Defendant Displate has any involvement in operating that website.

19. GWD admits that the website screenshot provided in Exhibit B to the FAC contains the referenced infographic, but denies the remaining allegations set forth in Paragraph 19 and denies that Defendant Displate has any involvement in operating that website.

20. GWD admits that Exhibit B appears to be screenshots from the page https://displate.com/career.

21. GWD admits that Displate is a wholly owned subsidiary of GWD based in Austin, Texas but denies the remaining allegations set forth in paragraph 21 of the FAC.

22. Denied.

23. GWD admits that the quoted statements appeared in the post included by McGucken as Exhibit C but denies that they suggest that Mr. Banaszkiewicz considers Displate to be a US branch of GWD or otherwise have any bearing on Displate's distinct corporate identity.

24. GWD admits that Exhibit C appears to be a screenshot of a post from Mr. Banaszkiewicz's LinkedIn page.

25. GWD admits that the quoted statements appeared in the article included by

McGucken as Exhibit D but denies that they suggest that Mr. Banaskiewicz considers Displate to be a US branch of GWD or otherwise have any bearing on Displate's distinct corporate identity.

26. GWD admits that Exhibit D appears to be a copy of the article from the Austin-American Statesman.

27. GWD admits that the quoted statement appears in post included by McGucken as Exhibit E but denies that it has any bearing on Displate's distinct corporate identity.

28. GWD admits that Exhibit E appears to be a copy of a post from the Displate LinkedIn page.

29. GWD admits that the quoted statements appear in the post included by McGucken as Exhibit F but denies that it has any bearing on Displate's distinct corporate identity.

30. GWD admits that Exhibit F appears to be a copy of a job posting posted by GWD.

31. GWD admits that the screenshots attached as Exhibit G show multiple job openings in Austin at Displate and states that the applications would be processed by GWD but denies that it has any bearing on Displate's distinct corporate identity.

32. GWD admits that Exhibit G appears to be screenshots of the December 2018 job listings through www.displate.com.

### *Defendants Infringing Conduct*

33. GWD admits its Website offers for sale thousands of displates including licensed designs from brand partners, but denies that Defendant Displate has any involvement in operating that website.

34. GWD admits that its Website allows individual artists to upload prospective designs for eventual sale, but denies that Defendant Displate has any involvement in operating that website.

35. GWD admits that the quoted language appears on https://displate.com/about-preparation, but denies that Defendant Displate has any involvement in operating that website.

36. GWD admits that Exhibit H appears to be a true and correct screenshot of https://displate.com/about-preparation.

37. GWD admits that the quoted language appears on https://displate.com/about-faq, but denies that Defendant Displate has any involvement in operating that website.

38. GWD admits that Exhibit I appears to be a true and correct screenshot of https://displate.com/about-faq.

39. GWD admits that after submitted designs are reviewed and approved by GWD, they are offered for sale to the public with GWD retaining the majority of the revenue for each displate sold, but denies that Defendant Displate has any involvement in operating that website.

40. GWD admits that the screenshot included as Exhibit J to the FAC notes that artists whose designs are approved earn a 10% commission on each displate sold and can earn an additional 30% commission if the sale is generated through a link shared by the artist, but denies that Defendant Displate has any involvement in operating that website.

41. GWD denies that Exhibit J appears to be a true and correct screenshot of the current version of https://displate.com/earn-as-an-artist. Attached hereto as Exhibit A is a true and correct print-to-PDF screenshot of the current version of https://displate.com/earn-as-an-artist.

42. GWD is without knowledge or information sufficient to form a belief regarding whether and when McGucken accessed www.displate.com and therefore denies the same. GWD

also denies that Defendant Displate has any involvement in operating that website.

43. Admitted.

44. GWD denies any alleged use of McGucken's photos was unauthorized and denies that Defendant Displate has any involvement in operating that website.

45. Paragraph 45 does not require an admission or denial. However, GWD objects to the characterization of the identified displates as "Infringing," as GWD denies the allegations of copyright infringement set forth in the FAC, and denies that Defendant Displate has any involvement in operating that website

46. GWD admits that Exhibit K appears to show screenshots from www.displate.com, but denies that Defendant Displate has any involvement in operating that website.

47. Denied.

48. GWD is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the FAC, and therefore denies the same.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq.*

49. GWD incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## PRAYER FOR RELIEF

GWD denies that Plaintiff is entitled to any relief in connection with the allegations of the FAC, including, without limitation, the eight requests for relief set forth by Plaintiff in the FAC.

## DISPLATE'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that GWD bears the burden of proof as to any of the following affirmative defenses, based upon information and belief, GWD asserts the following defenses:

### First Affirmative Defense

McGucken's alleged copyright registration is invalid.

### Second Affirmative Defense

McGucken's claims are barred by the doctrine of equitable estoppel.

### PRAYER

WHEREFORE, GWD prays for judgment that:

A. Finds judgment in favor of GWD against McGucken;

B. Denies any injunctive relief in favor of McGucken and against GWD;

C. Declares that Copyright Registration VA 2-089-215 is invalid;

D. Declares that GWD does not infringe Copyright Registration VA 2-089-215;

E. Award GWD its costs and attorneys' fees incurred by this action; and

F. Grant such other and further relief as the Court may deem just and proper.

Dated: August 14, 2020

Respectfully submitted,

SCOTT, DOUGLASS & MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701-3234
(512) 495-6300—Telephone
(512) 495-6399—Facsimile

By: */s/ Steve Wingard*
    Steve Wingard
    State bar No. 00788694
    swingard@scottdoug.com
    Paige Arnette Amstutz
    State Bar No. 00796136
    pamstutz@scottdoug.com

ERISE IP, P.A.
Eric A. Buresh, *pro hac vice*
Clifford T. Brazen, *pro hac vice*
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
(913) 777-5600—Telephone
(913) 777-5601—Facsimile
eric.buresh@eriseip.com
cliff.brazen@eriseip.com

*Attorneys for Defendant GWD Concept Sp. z o.o.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on August 14, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                /s/    *Steve Wingard*
                                                            Steve Wingard